# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 3:10-cr-00016-RCJ-VPC |
| vs. | **ORDER** |
| EUGENIO ENRIQUE CORONA, | |
| Defendant. | |

In April 2011, the Court sentenced Defendant Eugenio Corona to 48 months' imprisonment pursuant to his plea of guilty to one count of being a felon in possession of a firearm. In July, 2014, the Court sentenced Defendant to three months' imprisonment pursuant to the revocation of his supervised release for associating with known criminals. In December 2014, the Court sentenced Defendant to an additional ten months' imprisonment pursuant to the revocation of his supervised release for three additional violations. In April 2018, the Court sentenced Defendant to 24 months' imprisonment pursuant to the revocation of his supervised release for six violations.

Defendant has now filed a motion to correct his sentence under Criminal Rule 35(a). The motion is untimely. Fed. R. Crim. P. 35(a) (providing that the motion must be filed within 14

days after sentencing). The motion is also without merit. Defendant argues the Court inadvertently sentenced him to 199 months instead of 100–125 months. But the Court most recently sentenced Defendant to 24 months, and the total number of months the Court has sentenced Defendant to pursuant to his original sentence and his three subsequent supervised release revocations is 85.

If Defendant means to attack his 175-month sentence in Case No. 3:17-cr-6, made consecutive to the latest 24-month sentence in this case, the motion is also untimely and, even assuming Defendant means to invoke 28 U.S.C. § 2255, it is without merit. He appears to argue that counsel was ineffective for failing to oppose a § 2K2.1(b)(4) enhancement under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). But even assuming such an enhancement was applied,[1] there was no basis for such an argument. Under the *Apprendi* line of cases, the "statutory maximum" is only implicated by facts relevant to an element of the statutory offense or triggering a higher sentencing range under a mandatory guideline system, not by facts triggering a higher sentencing range under an advisory guideline system. *United States v. Fifield*, 432 F.3d 1056, 1066 (9th Cir. 2005) (citing *United States v. Booker*, 540 U.S. 220, 233 (2005)). Defendant allocated to the elements of the statutory offense, and the Guidelines applied were advisory.

///

///

///

---

1 The cited enhancement applies to a different crime than that for which Defendant was convicted and sentenced in Case No. 3:17-cr-6, and the cited enhancement does not appear to have been applied in the present case, either.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Correct Sentence (ECF No. 106) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter a copy of this Order into the docket of Case No. 3:17-cr-6.

IT IS SO ORDERED.

DATED: This 7th day of November, 2018.

_____
ROBERT C. JONES
United States District Judge